ATWATER KENT MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21551. Promulgated March 15, 1929.

*Paxson Deeter, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

SMITH: In its petition as amended the petitioner alleges that the respondent erred in his computation of its tax liability for the year 1923 in disallowing the deduction from gross income of the amount of $61,270 taken as an expense deduction in its return for that year, and in failing to find that " the sum of $61,270 was a proper item of depreciation of petitioner's factory for the calendar year 1923, and

as such deductible in computing petitioner's income tax for that year."

We can not doubt from the evidence that the cost of the construction of the petitioner's building in 1923 greatly exceeded the amount which would have been paid for its construction had the petitioner not desired to have it completed at or prior to October 1, 1923. We think that the evidence supports the contention of the petitioner that the excess cost of the construction due to the early completion of its plant was fully $61,270, and have so found.

The petitioner contends that it paid this excess cost solely for the use of its plant from October 1 to November 15, 1923, and that at November 15 the value represented by the expenditure was gone; that on and after December 1, 1923, the building was worth no more than if it had been completed within the usual time, and that the excess amount paid for early completion is a direct charge against its profits for the year 1923. It contends that it is entitled to the deduction of the amount either as an ordinary and necessary expense of doing business in 1923, or as depreciation sustained within the year 1923.

Section 215 (a) (2) of the Revenue Act of 1921 provides as follows with respect to deductions which may be taken by individuals in making income-tax returns:

(a) That in computing net income no deduction shall in any case be allowed in respect of—

*       *       *       *       *       *       *

(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate.

Section 235 of the same Act provides with respect to the computation of the net income of corporations:

That in computing net income no deduction shall in any case be allowed in respect of any of the items specified in section 215.

We think it is clear that the entire cost of the building erected in 1923 was an amount paid for new buildings within the meaning of section 215 (a) (2) of the Revenue Act of 1921, and is specifically excluded from the deductions allowable in computing net income. The fact that the cost of construction under the circumstances here was in excess of the amount that would have been paid out for the construction of the building in ordinary course, does not change the character of the expenditure.

The petitioner further contends that the excess cost for early completion was a direct charge against profits for 1923, since such excess cost was paid in order that profitable operations could be carried on in the building during October and November of 1923. Granted that such operations were profitable, there is no proof that

the profits of the year have any direct relation to the excess cost of early completion. On the ground of indefiniteness, the contention must be and is denied.

Section 234 (a) (7) of the Revenue Act of 1921 provide; that in computing the net income of a corporation there shall be allowed as a deduction "a reasonable allowance for exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." In *Ludey* v. *United States*, 274 U. S. 295, the Supreme Court said:

* * * The depreciation charge permitted as a deduction from the gross income in determining the taxable income of a business for any year represents the reduction, during the year, of the capital assets through wear and tear of the plant used. The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost. The theory underlying this allowance for depreciation is that by using up the plant a gradual sale is made of it. The depreciation charged is the measure of the cost of the part which has been sold. * * *

This theory of the statutory deduction for depreciation is in harmony with the Commissioner's regulations under the Revenue Act of 1921, as well as prior and subsequent acts.

The amount of the deduction on account of depreciation allowable in any taxable year must be determined with regard to the actual "wear and tear" of the thing used. There is nothing to indicate that the petitioner's plant here was put to any harder usage or that it actually sustained any greater depreciation in the year 1923 than in the following years. We can not say that the petitioner used up in the year 1923 all of the additional cost of constructing the plant in that year, or that no further profits from this additional cost came to the petitioner after the end of the year 1923.

The petitioner cites in support of its contention *Mandel Brothers*, 4 B. T. A. 341, where we held that an expenditure made by a taxpayer to a prior tenant for possession of the premises for a specific period of two years preceding the time that the taxpayer would have come into possession in his own right afforded no benefits beyond the two-year period and therefore should be amortized ratably over the two-year period. In that case, the property subject to exhaustion was a leasehold for a term of years. The time element was the only factor to be considered in determining the amount of the deduction. In the instant case we are concerned with physical properties subject to wear and tear, or the gradual wasting away through usage. The deduction allowable in different years over the life of the property may vary according to the usage it is put to and according to the precautions that are taken for its preservation. The statute re-

quires only that the deduction be reasonable in amount. The distinction to be made in determining the exhaustion or depreciation deduction in respect of the two classes of property is, we believe, imperative.

In *Frank & Seder Co.*, 13 B. T. A. 1, we held that the additional construction costs incurred solely for the purpose of obtaining early occupancy of a building should be exhausted over the entire life of the building. The decision in that case is controlling here. The amount in dispute here was admittedly paid out by the petitioner as a part of the construction cost and as such must be exhausted ratably over the entire useful life of the building.

*Judgment will be entered for the respondent.*